### ANHEUSER–BUSCH BREWING ASS'N v. KLEMAN.

(Circuit Court of Appeals, Third Circuit. January 14, 1915.)

No. 1869.

TRIAL ⬤▷170—DIRECTED VERDICT—GROUNDS OF RECOVERY NOT PLEADED.

Plaintiff, a Missouri corporation, made a loan to W., which was guaranteed by its agent and orally by defendant. Thereafter the agent and defendant entered into a written contract in which defendant recited that he was bound to pay the unpaid portion of W.'s debt and promised to pay to the agent whatever the agent was required to pay. Both the agent and defendant were citizens of Pennsylvania. The corporation brought an action upon the oral promise of defendant, relying upon the written contract with its agent only as memorandum to take the promise out of the statute of frauds. The only ground of federal jurisdiction was diversity of citizenship. The trial court directed a verdict for plaintiff on the ground that the written contract was a binding obligation upon the defendant. Held, that the ruling was erroneous, since that contract was not relied upon in the declaration as a ground of recovery, and created no obligation to the plaintiff, and could not be sued on by the agent for the use of the plaintiff in the federal courts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 390–394; Dec. Dig. ⬤▷170.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Wm. H. Hunt, Judge.

Assumpsit by the Anheuser-Busch Brewing Association against John P. Kleman. Judgment for the plaintiff upon a directed verdict, and defendant brings error. Reversed and remanded.

McKee, Mitchell & Alter and Griffith & Mitchell, all of Pittsburgh, Pa., for plaintiff in error.

Robb & Miller and W. S. Dalzell, all of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the Anheuser-Busch Brewing Association, a corporate citizen of Missouri, hereinafter styled the "Anheuser Company," brought an action of assumpsit against John P. Kleman, a citizen of Pennsylvania, and recovered a verdict. On entry of judgment thereon, Kleman sued out this writ of error.

The facts, which are undisputed, show one Wiese kept a licensed hotel in the city of Pittsburgh on property leased from Kleman, the defendant. In July, 1906, Wiese borrowed from the Anheuser Company $15,000. At the time the loan was made one McMorris, who was the local agent of the company, became security to it for Wiese's loan. On December 24, 1907, $8,000 remained unpaid and in default, and, Wiese being on the verge of bankruptcy, the Anheuser Company entered judgment against him on his note for said sum. On the same day, Kleman and James F. McMorris entered into the following written contract, signed in duplicate:

"Articles of agreement made and concluded this 24th day of December, 1907, by and between John P. Kleman, of the city of Pittsburgh, county of Allegheny and state of Pennsylvania, party of the first part, and James F. McMorris, local representative of the Anheuser-Busch Brewing Association, of the same place, party of the second part, witnesseth:

"That whereas, on or about the 20th day of July, 1906, Robert E. Wiese, of the said city of Pittsburgh, secured a loan of fifteen thousand dollars ($15,000.00) from the Anheuser-Busch Brewing Ass'n, of St. Louis, Missouri, which said loan is also secured by the judgment note of the said Wiese, dated July 16, 1906, payable one day after date, which said loan was to be repaid to the Brewing Ass'n at the rate of $500.00 per month, said payment of $500.00 being also secured by the separate promissory notes of the said Wiese, falling due at intervals of one month, the first of said promissory notes falling due September 16th, 1906, and

"Whereas, the said Wiese has made default in the payment of said notes of $500 each, whereupon by the terms of a certain agreement of July 20, 1906, between the said Wiese and the said Brewing Ass'n, the entire amount of the said loan less actual payments has, at the option of the said Brewing Ass'n become due and payable, and whereas, the balance of said loan, namely eight thousand dollars ($8,000.00), has become due and owing by the said Wiese to the said Brewing Ass'n, the said Brewing Ass'n having exercised its said option, and whereas, the said party of the second part hereto, has become liable to the said Brewing Ass'n for the said balance by agreement between the said party of the second part and the said Brewing Ass'n, and whereas the said John P. Kleman, party of the first part hereto, at the time of the said loan to the said Wiese, guaranteed the repayment in full of said loan, except interest to the said Brewing Ass'n and undertook himself to pay so much thereof as should be due at the time of any default upon the part of the said Wiese, and that said Brewing Ass'n made said loan to the said Wiese upon the strength, faith, and credit of said guarantee:

"That therefore, for and in consideration of the premises and of the sum of one dollar to him in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, the said John P. Kleman doth hereby covenant and agree to and with the said James F. McMorris, local representative as aforesaid, that he, the said Kleman will, subject to the conditions hereinafter mentioned, pay to the party of the second part, local representative as aforesaid, any balance of the said debt, without interest, which the said Anheuser-Busch Brewing Ass'n will be unable to collect from the estate of the said Wiese in bankruptcy, said payments to be made, however, in no event prior to May 1, 1908; provided, however, that this agreement shall be null and void and of no effect whatever unless the retail liquor license granted in the name of the said Wiese, for the premises located at the corner of Collins and Penn avenues, in said city, shall be granted to the said Kleman, or to some person satisfactory to him.

"In witness whereof, the parties hereto have hereunto set their hands and seals, the day and year first above written."

This contract, it will be noted, was between Kleman and McMorris, both of whom are, as recited, citizens of Pennsylvania, and both of

whom signed the same as individuals and under seal. While the latter describes himself as local representative of the Anheuser Company, yet that company was not a party to the same; no covenants being made by or to it thereby. The contract was evidently made with a view to protecting McMorris against his guaranty to the Anheuser Company of Wiese's loan.

On July 31, 1908, the Anheuser Company brought this suit against Kleman in the court below, its jurisdiction being invoked on the ground of diverse citizenship. In its statement of claim the plaintiff based its right of action on the two contracts recited in its two counts. The first count, referring to the loan recited above which was made by the Anheuser Company to Wiese in July, 1906, alleged:

"That before and at the time the plaintiff made the said loan to the said Wiese, John P. Kleman, the said defendant, undertook and agreed to and with the plaintiff that if at any time the said Wiese should become in default upon account of any of the payments to be made to the plaintiff on account of said loan in manner aforesaid, he, the said defendant, would pay the plaintiff the balance of said loan, without interest, then remaining due from the said Wiese to plaintiff. That the said John P. Kleman, the defendant, has duly signed a note or memorandum of said agreement in writing, as contained in a certain agreement between the said defendant and the said plaintiff, dated December 24, 1907, a true and correct copy of which, marked 'Exhibit A,' is hereto attached and made part hereof.

"That the plaintiff made said loan to the said Wiese upon the strength, faith, and credit of said promise of the defendant that he would pay the plaintiff upon default by the said Wiese any balance then remaining due without interest. That moreover there was a special benefit moving to the defendant in said transaction, inasmuch as the defendant had certain claims against the said Wiese amounting to about $10,000, and the said Wiese being then in financial straits would have in all probability become immediately a bankrupt had said loan of $15,000 not been made to him by the plaintiff."

The reference in this count to the writing of December 24, 1907, was not a declaration of a right of action on any promise made in such writing, but was manifestly done to show that Kleman had, in writing, made a note or memorandum of his promise to pay Wiese's debt, so as to avoid the inhibition of the Pennsylvania Statute of Frauds of 26th April 1855 (P. L. 308), which provides:

"No action shall be brought whereby to charge * * * the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person by him authorized."

The second count was, however, based on such written contract, supra, of December 24, 1907, between Kleman and McMorris, and alleged that:

"Upon the 24th day of December, 1907, the defendant entered into a contract with the plaintiff through the plaintiff's agent, James F. McMorris"—setting forth the same at length as above.

Subsequently the plaintiff amended such statement by striking out the second count, and placing of record this statement:

"That the purpose of this amendment is to confine the cause of action in the present case to the parol guaranty by the said defendant to the Anheuser-Busch Brewing Association, plaintiff, of the loan of $15,000 by the

said plaintiff to John P. Kleman, a written memorandum of which appears in Exhibit A attached to the plaintiff's statement of claim."

Without here entering upon the evidence adduced and the course of the trial, it suffices to say that the court at its termination gave binding instructions in favor of the plaintiff as follows:

"You have heard a very warmly contested controversy, which turns entirely upon a question of law, as I view it. And when, upon the trial of a case, the issue becomes entirely one of law, there is no fact to be submitted to the jury, and the court takes the responsibility, necessarily, of adjudicating the law.

"As I view this case, the instrument signed by Mr. John P. Kleman has obligated him, and he has shown no way by which he can be legally absolved from that obligation. Therefore the duty of the court is to direct a verdict in favor of the plaintiff and against the defendant, for the sum of $7,081.84, as a matter of law. So that becomes your verdict, under the instructions of the court."

Its action in giving these binding instructions for the plaintiff is here assigned for error. We are of opinion the instructions complained of did involve error. As already noted, the plaintiff declared on the alleged oral promise of Kleman made to the Anheuser-Busch Brewing Association in July, 1906, when the loan was made. The recital of Kleman later, in his contract of 1907, with McMorris, that such a promise had been made in 1906, to the Anheuser Company, was evidence tending to prove the prior promise, but was not an additional promise then made, nor did it create any liability on Kleman's part to that company. When, then, the court in its charge treated the case as enforcing an obligation of Kleman's created by the writing of 1907, and held, "the instrument signed by Mr. John P. Kleman has obligated him, and he has shown no way by which he can be legally absolved from that obligation," it fell into error: First, because under the first count, which alone remained, the promise declared on was the alleged original oral promise of 1906, made when the loan to Wiese was made by the Anheuser Company; secondly, because the agreement of 1907, between Kleman and McMorris, vested no right of action in the Anheuser Company; and, third, no action could be maintained in the court below by McMorris, for use of the Anheuser Company, against Kleman to enforce any obligation created by the agreement of 1907, because of such action the court below would have no jurisdiction, by reason of the legal plaintiff, McMorris, and the defendant, Kleman, both being citizens of Pennsylvania. The suit below being to enforce an alleged oral promise made by Kleman to the Anheuser Company when the loan was made by it to Wiese in 1906, it was error for the court to direct a verdict based, not on that liability, but on one alleged to have been created by Kleman when he signed the agreement of December 24, 1907.

The judgment below is therefore reversed, and the case remanded for further action.